IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LINDA H., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | Civil Action No.   ADC-21-2945 |
| | * | |
| KILOLO KIJAKAZI, | * | |
| Acting Commissioner, | * | |
| Social Security Administration | * | |
| | * | |
| Defendant. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM OPINION

On November 17, 2021, Linda H. ("Plaintiff" or "Claimant") petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"). ECF No. 1. Plaintiff and Defendant filed cross-motions for summary judgment (ECF Nos. 11, 12) on April 15, 2022 and June 14, 2022, respectively.[1] After considering the parties' motions, the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2021). For the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 11) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 12) is GRANTED, and the SSA's decision is AFFIRMED.

### PROCEDURAL HISTORY

On October 9, 2019, Plaintiff filed a Title II application for DIB, alleging disability since July 1, 2017. ECF No. 8 at 19. Her claim was denied initially on January 23, 2020 and upon reconsideration on July 10, 2020. *Id.* She then requested a hearing, which was held before an

---

[1] On June 30, 2022, this case was assigned to United States Magistrate Judge A. David Copperthite for all proceedings in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302. *See* ECF No. 5.

1

Administrative Law Judge ("ALJ") on January 29, 2021. *Id.* On February 25, 2021, the ALJ issued a decision that Plaintiff was not disabled under the Act. *Id.* at 30. Thus, the ALJ's decision became the final decision of the SSA. *See* 20 C.F.R. § 404.981; *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000). On November 17, 2021, Plaintiff then filed the Complaint in this Court seeking judicial review of the SSA's denial of her disability application. ECF No. 1.

## STANDARD OF REVIEW

This Court may review the SSA's denial of benefits under 42 U.S.C. § 405(g). *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court's review of an SSA decision is deferential: "[t]he findings of the [SSA] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). *See Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."). The issue before the reviewing Court is whether the ALJ's finding of nondisability is supported by substantial evidence and based upon current legal standards. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citations omitted). In a substantial evidence review, the Court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (citations omitted). Therefore, in conducting the "substantial evidence" inquiry, the Court must determine whether the ALJ has considered all relevant evidence

2

and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

### DISABILITY DETERMINATIONS AND BURDEN OF PROOF

In order to be eligible for DIB, Claimant must establish that she is under disability within the meaning of the Act. The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. Claimant shall be determined to be under disability where "[her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

In determining whether Claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the SSA, follows the five-step sequential evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. § 404.1520. *See Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). "If at any step a finding of disability or nondisability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). *See* 20 C.F.R. § 404.1520(a)(4).

At step one, the ALJ considers Claimant's work activity to determine if she is engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If so, Claimant is not disabled. At step two, the ALJ considers whether Claimant has a "severe medically determinable physical or mental impairment [or combination of impairments]" that is either expected to result in death or to last for a continuous twelve months. 20 C.F.R. § 404.1520(a)(4)(ii). If not, Claimant is not

3

disabled. At step three, the ALJ considers whether Claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. § 404.1520(a)(4)(iii). If so, Claimant is considered disabled, regardless of her age, education, and work experience. *See Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess Claimant's residual functional capacity ("RFC"), which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. § 404.1520(e). Claimant's RFC "is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ must consider even those impairments that are not "severe." 20 C.F.R. § 404.1545(a)(2).

In determining RFC, the ALJ evaluates Claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. § 404.1529(a). First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. § 404.1529(b). Once Claimant makes that threshold showing, the ALJ must then evaluate the extent to which the symptoms limit Claimant's capacity to work. *Id.* § 404.1529(c)(1). At this second stage, the ALJ must consider all of the available evidence, including Claimant's medical history, objective medical evidence, and statements by Claimant. *Id.* § 404.1529(c). The ALJ must assess the credibility of Claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective medical evidence. *See generally* SSR 96-7p, 1996 WL 374186 (July 2, 1996). To assess credibility, the ALJ should consider Claimant's daily activities, treatments she has received for her symptoms, medications, and any

other factors contributing to functional limitations. *Id.* at *3. However, the ALJ may not "disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate them." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (quoting SSR 16-3p, 2016 WL 1119029, at *5 (Mar. 16, 2016) (citations omitted)). Requiring objective medical evidence to support Claimant's subjective evidence of pain "improperly increase[s] [her] burden of proof." *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017).

At step four, the ALJ considers whether Claimant has the ability to perform past relevant work based on the determined RFC. 20 C.F.R. § 404.1520(a)(4)(iv). If so, Claimant is not disabled. Where Claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. Claimant has the burden of proof during steps one through four of the evaluation. *See* 20 C.F.R. § 404.1520; *Radford*, 734 F.3d at 291. However, at step five, the burden of proof shifts to the ALJ to prove: (1) that there is other work that Claimant can do, given her age, education, work experience, and RFC, and (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). *See Hancock*, 667 F.3d at 472–73. If Claimant can perform other work that exists in significant numbers in the national economy, then she is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), (g)(1), 404.1560(c). If Claimant cannot perform other work, she is disabled.

## ALJ's Determination

The ALJ here performed the sequential evaluation and found at step one that Plaintiff had not engaged in substantial gainful activity from July 1, 2017—the alleged onset date, through March 31, 2021—her date last insured. ECF No. 8 at 21. At step two, the ALJ found that Plaintiff had severe impairments of osteoarthritis, right knee degenerative joint disease, degenerative disc

5

disease of the lumbar spine, diabetes mellitus, and obesity. *Id.* At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. *Id.* at 22. The ALJ then determined that Plaintiff had the RFC:

> [T]o perform medium work as defined in 20 CFR 404.1567(c) except can lift, carry, push and pull fifty pounds occasionally and twenty-five pounds frequently. The individual can sit for six hours in an eight-hour workday day [sic]. The individual can stand and walk for six hours in an eight-hour workday. Can occasionally: climb ropes, ladders, or scaffolds; climb ramps and stairs; balance; stoop; kneel; crouch; crawl.

*Id.* at 23. At step four, the ALJ found that Plaintiff was able to perform past relevant work as a transportation clerk. *Id.* at 28. The ALJ further concluded that "[i]n addition to past relevant work, there [were] other jobs that exist in significant numbers in the national economy that [Plaintiff] also can perform," considering her age, education, work experience, and RFC. *Id.* Thus, the ALJ concluded that Plaintiff was not disabled under the Act. *Id.* at 30.

## DISCUSSION

Plaintiff raises two arguments on appeal: (1) that the ALJ applied an improper standard in evaluating Plaintiff's subjective complaints because he erroneously required Plaintiff prove the type and degree of her subjective complaints with objective medical evidence; and (2) that the ALJ erroneously assessed Plaintiff's RFC by failing to properly evaluate the opinion of Dr. Vaul Phillips. ECF No. 11-1 at 3–12. In response, Defendant asserts first that the ALJ properly assessed Plaintiff's subjective complaints by conducting a full examination of the record and not simply requiring objective medical evidence to discount her subject complaints. ECF No. 12-1 at 6–11. And second, the ALJ's RFC determination is supported by substantial evidence, and he addressed the consistency and supportability of Dr. Phillips' opinion previously in his narrative discussion. *Id.* at 11–14. I address Plaintiff's arguments below.

A. <u>The ALJ properly considered the evidence of the record in evaluating Plaintiff's subjective complaints.</u>

The United States Court of Appeals for the Fourth Circuit laid out the two-step process for an ALJ to evaluate a person's subjective symptoms under 20 C.F.R. §§ 404.1529 and 416.929:

> Under the regulations implementing the [Act], an ALJ follows a two-step analysis when considering a claimant's subjective statements about impairments and symptoms. First, the ALJ looks for objective medical evidence showing a condition that could reasonably produce the alleged symptoms. Second, the ALJ must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's ability to perform basic work activities. The second determination requires the ALJ to assess the credibility of the claimant's statements about symptoms and their functional effects.

*Lewis*, 858 F.3d at 865–66 (citations omitted). *See Craig*, 76 F.3d at 594 (describing the two-step process). At the second step, the ALJ must then assess Plaintiff's "symptoms to determine how the symptoms' intensity and persistence affect [her] ability to work." *Lavinia R. v. Saul*, No. CV SAG-20-1083, 2021 WL 2661509, at *4 (D.Md. June 29, 2021); 20 C.F.R. § 404.1529(c). The ALJ must consider all of the available evidence, including medical history, objective medical evidence, and statements by Plaintiff. 20 C.F.R. § 404.1529(c). Thus, the ALJ must not disregard Plaintiff's complaints of "intensity, persistence, and limiting effects of symptoms *solely* because objective evidence does not substantiate" them, *see Arakas*, 983 F.3d at 95 (emphasis added) (quoting SSR 16-3p, 2016 WL 1119029, at *5), but Plaintiff's allegations "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can . . . reasonably be expected to cause" the alleged symptoms. *See Lavinia R.*, 2021 WL 2661509, at *4 (quoting *Craig*, 76 F.3d at 595). Indeed:

> This is not to say, however, that objective medical evidence and other objective evidence are not crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs her ability to work. They most certainly are.

7

> Although a claimant's allegations about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence of the underlying impairment, and the extent to which that impairment can reasonably be expected to cause the pain the claimant alleges she suffers.

*Hines v. Barnhart*, 453 F.3d 559, 565 n.3 (4th Cir. 2006) (quoting *Craig*, 76 F.3d at 595). However, the ALJ's reliance on objective medical evidence to reject subjective complaints is more limited when Plaintiff alleges impairments that do not produce objective medical evidence. *Arakas*, 983 F.3d at 97. To show proper compliance with the two-step process, the ALJ "must *both* identify evidence that supports his conclusion *and* 'build an accurate and logical bridge from [that] evidence to his conclusion.'" *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (emphasis in original) (citations omitted).

In *Lavinia R.*, this Court affirmed an ALJ's decision that while a plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms alleged, the claimant's statements about intensity, persistence, and the limiting effects of the symptoms were not entirely consistent with both the medical evidence and other evidence in the record. *Lavinia R.*, 2021 WL 2661509, at *4 (citing the record). The ALJ considered the Plaintiff's medical records, treatment history, and provider recommendations and concluded that "Plaintiff's argument that the same treatment history should or could have substantiated her reported symptoms amounts to a request that this Court reweigh the evidence." *Id.*

Here, Plaintiff argues that the ALJ erroneously rejected her testimony about her subjective complaints because they were not supported by objective evidence. ECF No. 11-1 at 6. As an initial matter, Plaintiff has not pled in any fashion that her impairments are of the type, like fibromyalgia in *Arakas*, that do not produce objective medical evidence. Therefore, while the ALJ was not permitted to discredit Plaintiff's subjective complaints of "intensity, persistence, and

limiting effects of symptoms *solely* because objective evidence does not substantiate" them, he was not required to defer to those subjective complaints "to the extent they are inconsistent with the available evidence." *See Arakas*, 983 F.3d at 95 (emphasis added) (citation omitted); *Lavinia R.*, 2021 WL 2661509, at *4 (quoting *Craig*, 76 F.3d at 595).

The ALJ conducted the two-step process and found at the first step that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." ECF No. 8 at 25. However, at the second step, he concluded that Plaintiff's "statements concerning the intensity, persistence[,] and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." *Id.* The ALJ identified Plaintiff's subjective complaints about her pain, limitations, and daily activities, *see* ECF No. 8 at 25, and further analyzed the medical evidence in the record, including Plaintiff's treatment history and reports of pain to her providers as well as her assessments and evaluations. *Id.* at 24–28. *See* 20 C.F.R. § 404.1529(c). After having analyzed all of the above and making determinations about severity based upon the whole record, the ALJ concluded that Plaintiff was not disabled under the Act. Unlike in *Arakas*, the lack of objective evidence was not the ALJ's "chief, if not definitive, reason" for discounting Plaintiff's subjective complaints; he instead relied significantly on the opinion of the State agency physical consultants, *see id.* at 27, as well as Plaintiff's treatment records and abilities, including her range of motion, her balance, the fact that she did not need a cane to ambulate, her progress in physical therapy, her improved mobility and activity tolerance, her range of motion, and her conservative treatment plans. *Id.* at 25–26. Where the ALJ considered objective medical evidence, Plaintiff's subjective complaints, and Plaintiff's full treatment history, as is clear here, it is not proper for the reviewing Court to reweigh such evidence. *See Lavinia R.*, 2021 WL 2661509, at *4. *See also Hines*, 453 F.3d at 565 n.3 ("Although a claimant's allegations

about her pain may not be discredited solely because they are not substantiated by objective evidence of the pain itself or its severity, they need not be accepted to the extent they are inconsistent with the available evidence."). Accordingly, I conclude that the ALJ properly analyzed Plaintiff's subjective complaints and supported his conclusion with substantial evidence. Remand, therefore, is not warranted.

B. The ALJ properly considered Dr. Vaul Phillips' opinion.

For claims filed on or after March 27, 2017, 20 C.F.R. § 416.920c(a) states that the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) . . . , including those from [Plaintiff's] medical sources." However, the ALJ will state how persuasive he finds the medical opinions in the record, considering both supportability—the extent to which the medical source's opinion is supported by objective medical evidence and supporting explanations—and consistency—the extent to which the medical source's opinion is consistent with evidence from other medical sources. 20 C.F.R. §§ 416.920c(b)(2), (c). Supportability and consistency are the "most important factors" the ALJ considers when evaluating the persuasiveness of medical opinions. *Id.* § 416.920c(a). The ALJ also considers other factors, including the medical source's relationship with Plaintiff—the length, purpose, and extent of the treatment relationship, the frequency of examinations, and the examining relationship; the specialty of the medical source; and "other factors that tend to support or contradict a medical opinion." 20 C.F.R. § 416.920c(c). The ALJ "may, but [is] not required to, explain how [he] considered" these additional factors, except where there are "two or more medical opinions or prior administrative medical findings about the same issue [that] are both equally well-supported . . . and consistent," but not exactly the same. *Id.* § 416.920c(b).

Here, Plaintiff asserts that the ALJ failed to evaluate the consistency or supportability of Dr. Phillips' opinion. ECF No. 11-1 at 11. However, as Defendant notes, the ALJ's narrative discussion is relevant. *See* ECF No. 12-1 at 13. As explained *supra*, the ALJ had previously discussed Plaintiff's own reports on her abilities, as well as her medical records and treatment history. ECF No. 8 at 24–27. The ALJ then discussed the opinions of the State agency physical consultants that found Plaintiff capable of performing tasks at the medium level, and explained why some limitations were warranted based on the evidence. ECF No. 8 at 27. The ALJ also addressed Dr. Phillips' opinion and his assessment that Plaintiff had significant impairment in her ability to sit, stand, and walk. *Id.* at 27–28.

According to 20 C.F.R. § 416.920c(b)(2), the ALJ needed to consider Dr. Phillips' opinion in light of the listed factors and to articulate the supportability and consistency of his assessment. The ALJ here did just that. While he certainly could have been more expansive in his analysis, the ALJ explained that Dr. Phillips' opinion as to Plaintiff's significant impairments was not supported by evidence or observations in his own opinion, nor by Plaintiff's other medical records and treatment history. *Id.* It is clear that the ALJ concluded that Dr. Phillips' observations about Plaintiff's ability to ambulate without a cane, her lack of issues with her fingers, and a normal objective review at the examination did not support his identified limitations with respect to her ability to sit, stand, exert force, move, lift, and carry. *Id.* at 28, 467–68. He similarly explained that Dr. Phillips' opinion was not consistent with the persuasive opinion in the record that Plaintiff was capable of performing tasks at the medium level. *Id.* at 27. The ALJ thus properly considered the supportability and consistency of Dr. Phillips' opinion to determine its persuasiveness, and remand is not warranted.

## CONCLUSION

The Court thus concludes that Plaintiff has not shown that the ALJ lacked substantial evidence to support his finding that Plaintiff was "not disabled" within the meaning of the Act. Based on the foregoing and pursuant to 42 U.S.C. § 405(g), Plaintiff's Motion for Summary Judgment (ECF No. 11) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 12) is GRANTED, and the decision of the SSA is AFFIRMED. A separate Order will follow.

Date: 11 July 2022

A. David Copperthite
United States Magistrate Judge